UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**INSURCOMM, INC.**,

    Plaintiff,

v.                                         2:23-cv-700-JLB-NPM

**TAD RECOVERY SERVICES, LLC**,

    Defendant.

---

### ORDER DENYING MOTION FOR DEFAULT JUDGMENT

Plaintiff Insurcomm, Inc. alleges it entered into a settlement agreement with defendant TAD Recovery Services, LLC that required TAD to pay Insurcomm $50,000. Because TAD never paid the settlement amount, Insurcomm brought this action for breach of contract (count 1), unjust enrichment (count 2), and conversion (count 3). (Doc. 1). Insurcomm served TAD on September 11, 2023. (Doc. 9). But TAD has not responded to the complaint or otherwise appeared. Consequently, a clerk's default was entered against TAD on October 24, 2023. (Doc. 12). Now, Insurcomm seeks default judgment on its claims. (Doc. 13). But the court's subject-matter jurisdiction is dubious at best, so the motion is denied without prejudice.

"In order to enter a valid default judgment, a court must have subject-matter jurisdiction over the claims[.]" *Osborn v. Whites & Assocs. Inc.*, No. 1:20-cv-02528-

TWT-AJB, 2021 WL 3493164, *2 (N.D. Ga. May 20, 2021) (collecting cases).[1] "Consequently, when entry of default is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." *Id.*; *see also Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking."). Insurcomm invokes the court's diversity jurisdiction. (Doc. 1 ¶ 3). When jurisdiction is premised on diversity, the parties must be completely diverse, and the matter in controversy must exceed the sum or value of $75,000, exclusive of cost and interest. 28 U.S.C. § 1332(a); *Nat'l Loan Acquisitions Co. v. Pet Friendly, Inc.*, 743 F. App'x 390, 392 (11th Cir. 2018). Here, both requirements are called into question.

First, the citizenship of defendant TAD Recovery Services, LLC has not been properly alleged. "When determining citizenship of the parties for diversity jurisdiction purposes, a limited liability company (LLC) is a citizen of every state that any member is a citizen of." *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1220 (11th Cir. 2017). In its complaint, Insurcomm broadly alleges that "[e]ach of TAD's members are residents of the state of Texas." (Doc. 1 at 1).

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

This will not do. Insurcomm must specifically identify each of TAD's members and their citizenship. This is critical because "it is common for an LLC to be a member of another LLC. Consequently, citizenship of LLCs often ends up looking like a factor tree that exponentially expands every time a member turns out to be another LLC, thereby restarting the process of identifying the members of that LLC." *Purchasing Power*, 851 F.3d at 1220. Thus, if any of TAD's members are other non-corporate entities, Insurcomm must allege the citizenship of each of those members or partners. And until TAD's citizenship is properly established, the court cannot be sure the parties are completely diverse.

Equally unsettled is the amount in controversy. Generally, the amount in controversy is satisfied when the plaintiff claims a sufficient sum in good faith, unless it appears to a legal certainty that the claim is really for less than the jurisdictional amount. *See King v. Epstein*, 167 F. App'x 121, 123 (11th Cir. 2006). But when jurisdiction is based on a claim for indeterminate damages, "the 'legal certainty' test gives way, and the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum." *Id.* Although Insurcomm asserts the amount in controversy exceeds $75,000 (Doc. 1 ¶ 3), it quantifies only $50,000 resulting from the breach of the settlement agreement. Otherwise, it broadly requests an unspecified amount of attorney's fees, punitive damages, and incidental

and consequential damages. The court is unconvinced these indeterminate damages boost the amount in controversy beyond the jurisdictional threshold.

Consider first Insurcomm's claim for attorney's fees. Apparently, the underlying settlement agreement grants the prevailing party entitlement to attorney's fees incurred in any lawsuit initiated to enforce the agreement.[2] (Doc. 1 ¶ 28). But when a court considers attorney's fees for jurisdictional purposes, the fees included in the amount-in-controversy analysis are set as of the date the case is initiated. *See, e.g.*, *Leise v. Walmart Inc.*, No. 8:23-cv-2281-VMC-AEP, 2023 WL 6890725, *2 (M.D. Fla. Oct. 19, 2023) (collecting cases and observing that attorney's fees for amount-in-controversy purposes is set as of the date of removal); *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1306 (11th Cir. 2016) ("Again, diversity jurisdiction is determined at the time of filing the complaint or, if the case has been removed, at the time of removal."). This case began when the complaint was filed, so attorney's fees would be minimal. Because the complaint does not attempt to quantify the attorney's fees or supply an affidavit of counsel's hours and rates, the court cannot infer otherwise.

Next is Insurcomm's claim for punitive damages. "When determining the jurisdictional amount in controversy in diversity cases, punitive damages must be

---

[2] When attorney's fees are allowed by statute or contract, they can be considered toward the amount in controversy. *See Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 808 n.4 (11th Cir. 2003).

considered unless it is apparent to a legal certainty that such cannot be recovered." *Ferdinand v. Hilton Mgmt., LLC*, No. 6:18-cv-1547ORL41DCI, 2019 WL 13262731, *2 (M.D. Fla. Apr. 9, 2019) (citing *Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987)). But Insurcomm never quantified its punitive damages in its complaint, and the court will not engage in guess work. *See, e.g.*, *Connally v. Fla. HMA Reg'l Serv. Ctr., LLC*, No. 8:21-cv-2750-VMC-CPT, 2022 WL 92829, *3 (M.D. Fla. Jan. 10, 2022) ("[I]t would be rank speculation for the Court to add an amount of punitive damages to the amount in controversy calculation as no evidence of the actual punitive damages at issue in this case has been provided."). This deficiency aside, the court is legally certain Insurcomm cannot recover punitive damages.

Insurcomm cannot collect punitive damages on any of its claims. They are not available for breach of contract. *See Griffith v. Shamrock Vill.*, Inc., 94 So. 2d 854, 858 (Fla. 1957) ("The general rule is that punitive damages are not recoverable for breach of contract, irrespective of the motive of defendant."); *Allapattah Servs., Inc. v. Exxon Corp.*, 61 F. Supp. 2d 1326, 1334 (S.D. Fla. 1999) ("In the typical contract case, such as the one before the Court, punitive damages are inappropriate and counter-productive in light of contract law favoring the reliance on promises freely negotiated."). Nor are they collectible on an unjust enrichment claim. *See CCCS Int'l v. Fontainebleau Resorts, LLC*, No. 09-CIV-21881-UNGARO, 2009 WL 10667775,

\*4 (S.D. Fla. Sept. 18, 2009) ("As with actions for breach of express contracts, punitive damages are unavailable in an action for unjust enrichment or quantum meruit."). And Insurcomm cannot recover punitive damages on its conversion claim because it fails as a matter of law.[3]

The final opportunity to satisfy the amount in controversy falls on Insurcomm's claim for incidental and consequential damages. But again, these damages are not quantified in the complaint, and the court will not speculate. Plus, it is difficult to see how such damages are available from a simple failure to pay settlement funds.

In sum, the amount in controversy appears to fall well short of the jurisdictional threshold, and Insurcomm has not established complete diversity of the parties. Accordingly, Insurcomm's motion for default judgment (Doc. 13) is **denied without prejudice**. By **August 16, 2024**, Insurcomm may file an amended complaint that adequately alleges the court's subject matter jurisdiction and a

---

[3] Under Florida's independent tort doctrine, "to set forth a claim in tort between parties in contractual privity, a party must allege action beyond and independent of breach of contract that amounts to an independent tort." *Kroger Co. v. 1045, LLC*, No. 22-81349-CIV, 2023 WL 5440986, \*6 (S.D. Fla. Aug. 21, 2023). The basis of Insurcomm's conversion claim is that TAD "willfully and maliciously [took] as its own, for its own use, the Settlement Amount due and owing to" Insurcomm. (Doc. 1 ¶ 43). As alleged, this is no different than alleging TAD failed to pay the settlement funds—the exact same conduct that underlines the breach of contract claim. (Doc. 1 ¶ 31). Moreover, a failure to pay under a contract does not give rise to a conversion claim. *See Lesti v. Wells Fargo Bank, N.A.*, 960 F. Supp. 2d 1311, 1325 (M.D. Fla. 2013) ("The law in Florida is clear—a simple monetary debt generally cannot form the basis of a claim for conversion or civil theft."); *Bookworld Trade, Inc. v. Daughters of St. Paul, Inc.*, 532 F. Supp. 2d 1350, 1363 (M.D. Fla. 2007) ("[F]ailure to pay money owing under the Agreement is simply not grounds for a civil theft or conversion action.").

- 7 -

renewed motion for default judgment supported by detailed declarations and other evidence about its requests for special damages and attorney's fees.[4] A failure to comply with either of these steps may result in a dismissal of this action without further notice.

Alternatively, Insurcomm may voluntarily dismiss this action and refile it in state court—where neither diversity nor amount in controversy under § 1332 would need to be established because state courts are courts of general jurisdiction.

**ORDERED** on July 26, 2024.

_____
NICHOLAS P. MIZELL
United States Magistrate Judge

---

[4] Any attorney-fee declaration must establish reasonable hours at reasonable rates.